# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ANTHONY HARRIS, AIS # 202236,** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 23-00146-JB-B |
| | * |
| **JESSE TRAWEEK,** *et al.*, | * |
| | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

Plaintiff Anthony Harris, an inmate at the Escambia County Jail in Brewton, Alabama,[1] filed a complaint seeking relief under 42 U.S.C. § 1983 and a motion to proceed without prepayment of fees. (Docs. 1, 2). This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). Upon review, the undersigned recommends that this action be **DISMISSED without prejudice**, prior to service of process, as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

[1] Harris's filings in this action are addressed from the Escambia County Jail, and the Escambia County Sheriff's Office website lists "Anthony Harris" as an inmate at the Escambia County Jail. See https://www.escambiacountysheriffal.org/roster_view.php?booking_num=ECSO22JBN001527 (last visited Apr. 28, 2023). However, the Alabama Department of Corrections website indicates that Harris (AIS # 202236) is incarcerated at Limestone Correctional Facility in Limestone County, Alabama. See http://www.doc.state.al.us/InmateHistory (last visited Apr. 28, 2023).

**I.   Legal Standards for Screening a Complaint for Maliciousness.**

In his complaint, Harris alleges that Jesse Traweek, an Atmore police officer, submitted criminal complaints based on unreliable witness evidence, that Tiffany White, the magistrate at the Escambia County District Court, committed fraud because she issued arrest warrants that were not supported by an oath, and Jadadrain Crook, the grand jury foreperson, issued indictments without legal or competent evidence and failed to subpoena any witnesses. (Doc. 1). Because Harris seeks to proceed *in forma pauperis*, the Court is required to perform a screening review of his complaint pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B). That section requires a district court to dismiss an *in forma pauperis* prisoner action if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs it under penalty of perjury, as such a complaint is an abuse of the judicial process that warrants dismissal without prejudice as malicious. See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the counting of an action that was dismissed for abuse of the judicial process because the inmate

2

lied under penalty of perjury about the existence of a prior lawsuit as a strike under 28 U.S.C. § 1915(g)), overruled on other grounds by Jones v. Bock, 549 U.S. 199, 215-17 (2007); see also Schmidt v. Navarro, 576 F. App'x 897, 898-99 (11th Cir. 2014) (per curiam) (finding that the district court did not abuse its discretion in dismissing prisoner's complaint without prejudice for failing to disclose two previously dismissed federal actions on his complaint form); Sears v. Haas, 509 F. App'x 935, 935–36 (11th Cir. 2013) (per curiam) (affirming dismissal of prisoner's action without prejudice where, in a complaint signed under penalty of perjury, the inmate failed to disclose a case filed just five months before and another case dismissed years earlier for failure to state a claim); Harris v. Warden, 498 F. App'x 962, 964 (11th Cir. 2012) (per curiam) (affirming dismissal of action without prejudice for abuse of the judicial process when the inmate failed to disclose the type of cases the complaint form required him to disclose); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 131-32 (11th Cir. 2012) (per curiam) (affirming dismissal of an inmate's action without prejudice when he avowed on the complaint form under the penalty of perjury that he had never had an action dismissed prior to service of process, even though he had at least one); Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (per curiam) (affirming the dismissal of an inmate's action without prejudice when he filed a complaint

3

signed under penalty of perjury and did not disclose a prior lawsuit relating to his imprisonment or conditions of imprisonment when the complaint form asked for the disclosure of such lawsuits).

When an action is subject to dismissal without prejudice as malicious, the court must consider whether the action may be refiled. See Schmidt, 576 F. App'x at 899 (affirming the dismissal without prejudice of an action for the plaintiff's failure to disclose prior lawsuits because the statute of limitations had not expired and the complaint could be refiled). When the statute of limitations has expired, a dismissal without prejudice is tantamount to a dismissal with prejudice because the plaintiff is unable to refile a viable action, and the court should then consider lesser sanctions. See Stephenson v. Warden, Doe, 554 F. App'x 835, 837 (11th Cir. 2014) (per curiam); Hines v. Thomas, 604 F. App'x 796, 800 (11th Cir. 2015) (per curiam). In Alabama, the statute of limitations for filing a § 1983 action is two years. Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc).

**II. Analysis.**

In the present action, the complaint form directed Harris to disclose whether he had filed any other lawsuits in state or federal court relating to his imprisonment or dealing with the same or similar facts involved in this action. (Doc. 1 at 3). The form expressly provides that if the answer to either of those

4

questions is yes, the plaintiff is to describe each lawsuit in the space below, and if necessary, describe additional lawsuits on a separate piece of paper using the same format set forth in the complaint. (See id.). Harris denied having filed any other lawsuits relating to his imprisonment or dealing with the same or similar facts involved in this action. (Id.). Harris then proceeded to swear or affirm under penalty of perjury that the facts set out in his complaint were true and correct. (Id. at 7).

In screening Harris's complaint under 28 U.S.C. § 1915(e)(2)(B), the undersigned reviewed this Court's records and determined that Harris previously filed at least two other § 1983 actions while incarcerated at the Escambia County Jail that related to his imprisonment, which he did not disclose in his complaint.

In Harris v. Hetrick, Case No. 1:19-cv-00856-KD-B (S.D. Ala. 2019), Harris claimed, *inter alia*, that officers at the Escambia County Jail subjected him to excessive force and other cruel and unusual punishment on various occasions in 2018 and 2019. See ECF No. 1, 5. The case was dismissed in May 2020 based on Harris's failure to prosecute and obey the Court's orders after Harris failed to notify the Court of his apparent release from the Escambia County Jail and thus left the Court without means to communicate with him. ECF No. 16, 18, 19.

In Harris v. Harris, Case No. 1:21-cv-00519-CG-B (S.D. Ala. 2021), Harris sued an Atmore police officer and two "warrant

5

clerks" from the "Escambia County District/Circuit Court." See ECF No. 1. Similar to his complaint in this action, Harris's claims against the police officer were for "false arrest" and "malicious prosecution." See id. Also similar to his claims against the magistrate in the instant case, Harris sued the "warrant clerks" for issuing or causing the issuance of an arrest warrant that was unsupported by probable cause. See id. And, as in the instant case, the relief Harris requested was to be provided with records from his criminal proceedings. See id. Harris voluntarily dismissed the case in March 2022. ECF No. 8, 9.

Notwithstanding the fact that the complaint form in this action expressly directed Harris to provide information about any prior lawsuits he filed relating to his imprisonment or dealing with the same or similar facts involved in this action, Harris did not disclose the existence of his recent prior § 1983 lawsuits referenced above. (See Doc. 1 at 3). Thus, there can be little question that when Harris filed the complaint in the instant action, he knowingly chose not to list his prior actions and then proceeded to sign his complaint under penalty of perjury, notwithstanding his misrepresentations. (See id. at 7).

The Court's complaint form directs prisoner plaintiffs to provide information about prior actions to assist the court in determining whether the prisoner's action is barred under 28 U.S.C. § 1915(g) (the "three-strikes" rule), whether the action is

6

connected to another action, and whether the plaintiff is familiar with litigating his claims. See Doctor v. Nichols, 2015 U.S. Dist. LEXIS 124946, at *9-10, 2015 WL 5546397, at *3 (N.D. Fla. Aug. 19, 2015). When the prisoner fails to provide information about all of his prior actions on the complaint form, the Court is deprived of this knowledge and is forced to expend more time and resources than would otherwise be necessary. Id., 2015 U.S. Dist. LEXIS 124946, at *10, 2015 WL 5546397, at *3.

Moreover, the judicial system is structured so that when a plaintiff files a civil action, he certifies to the court that his signed pleading, "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] . . . is not being presented for any improper purpose, . . . [and] the factual contentions have evidentiary support . . . ." Fed. R. Civ. P. 11(b)(1) & (3). The purpose of Rule 11 is to impress on the signer his personal responsibility for validating "the truth and legal reasonableness" of the document he is filing, which assists in conserving the court system's resources and in avoiding unnecessary proceedings. Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc., 498 U.S. 533, 543, 547 (1991).

Because Harris was not truthful to the Court about his prior litigation on his complaint form, his action is subject to being dismissed as malicious for abuse of the judicial process. The

7

only reason the undersigned would not recommend dismissing this action without prejudice is if the present action could not be refiled because the two-year statute of limitations for a § 1983 action had expired.

In his complaint form, Harris alleges that the actions complained of occurred on January 13, 2021, September 29, 2021, and January 28, 2022. (Doc. 1 at 4). However, the earliest of those dates appears to be incorrect. Harris's claims in this action relate to his arrest and indictment for crimes that allegedly occurred on or about September 21, 2021. (See Doc. 1 at 4-6; Doc. 1-1 at 2-13). Thus, the acts he complains of could not possibly have occurred before that date. Considering that the actions complained of occurred in September 2021 at the earliest, there is no question that Harris has the ability to refile his action before the two-year statute of limitations expires, if he elects to do so. Because his claims can be refiled, Harris's action is due to be dismissed without prejudice as malicious.

**III. Conclusion.**

For the foregoing reasons, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), because it is malicious.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects

to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **1st** day of **May, 2023.**

                                                  **/s/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**